IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

WILLIAM ROY FLOWERS and SHELLY BURRIS,

        Plaintiffs,

v.

WAGONER COUNTY BOARD OF COUNTY COMMISSIONERS, et al.,

        Defendants.

Case No. 20-cv-236-JFH

## ORDER

Before the Court is the Motion to Remand filed by Plaintiffs William Roy Flowers and Shelly Burris ("Plaintiffs") [Dkt. No.13]. Plaintiffs argue remand is appropriate because not all defendants, namely Deborah Ann Dochery ("Dochery"), consented to the removal. *See* Dkt. No. 13 at 5. Defendants Board of County Commissioners of Wagoner County, Chris Elliot and John Denton ("Defendants") filed a Response contending Dochery's consent to removal was not necessary because she was not properly served. Dkt. No. 14.

## BACKGROUND

The named defendants in this action are Wagoner County Board of County Commissioners, Chris Elliot, Chad Lewis Eiden, John Denton and Dochery. Dkt. No. 2-2. Defendants Wagoner County Board of Commissioners, Chris Elliot and John Denton filed the Notice of Removal. Dkt. No. 2. The Notice of Removal does not indicate whether Chad Lewis Eiden[1] and Dochery consent to the removal. *See id.*

---

[1] Neither party addresses the significance of Chad Lewis Eiden.

1

Plaintiffs filed the Motion to Remand arguing Dochery was properly served and her failure to consent to the removal is fatal.  *See* Dkt. No. 13.  Defendants respond Dochery was not properly served and, therefore, her consent is not required.  *See* Dkt. No. 14.  Defendants point out that the summons was mailed to Dochery via certified mail, delivery was not restricted and the certified mail receipt does not indicate who received the delivery.  *Id.* at 2.  Instead, the certified mail receipt states "COVID 19."  *Id.*  Defendants contend such service does not comply with the Oklahoma Pleading Code.  *Id.* at 1-2.

Defendants state "[n]othing in the record indicates that Defendant Dochery received notice of Plaintiffs' suit either.  Defendant Dochery has not entered an appearance or filed any responsive pleading."  Dkt. No. 14 at 2.  However, a review of the docket in the state court action in the District Court of Wagoner County, CJ-2020-159, reveals that Dochery and Chad Lewis Eiden ("Eiden") entered an appearance in the case on July 15, 2020.  *See* Oklahoma Supreme Court Network, https://www.oscn.net/dockets/GetCaseInformation.aspx?db=wagoner&number=cj-2020-159 (last visited on September 14, 2020).[2]  Neither Defendants nor Plaintiffs address this fact.

## ANALYSIS

"Because the jurisdiction of federal courts is limited, there is a presumption against our jurisdiction."  *Bd of County Comm'rs of Boulder County v. Suncor Energy (U.S.A.) Inc.*, 965 F.3d 792, 813 (10th Cir. 2020).  "Statutes conferring jurisdiction on federal courts are to be strictly construed, and doubts resolved against federal jurisdiction."  *Id.* (quoting *F&S Const. Co. v. Jensen*,

---

[2]  This Court may take judicial notice of the state court records available online.  *See Stack v. McCotter*, 79 Fed. Appx. 383, No. 02-4157, 2003 WL 22422416 (10th Cir. Oct. 24, 2003) (unpublished); *see also Shoulders v. Dinwiddie*, No. CIV-06-890, 2006 WL 2792671, at *3 (W.D. Okla. Sep. 26, 2006).

337 F.2d 160, 161 (10th Cir. 1964)).  "The presumption against jurisdiction also applies with full force to removal."  *Id.* at 814*; see also Urban Financial REO, LLC v. Atwood*, No. 19-CV-39, 2019 WL 4307128, at *1 (N.D. Okla. Sep. 11, 2009) ("the Court strictly construes the removal statute and, as a general matter, must resolve all doubts against removal.") (citing *Fajen v. Found. Reserve Ins. Co., Inc.,* 683 F.2d 331, 333 (10th Cir.1982)); *see also Warner v. CitiMortgage, Inc.*, 533 Fed. Appx. 813, 816 (10th Cir. 2013); *see also Farmland Nat. Beef Packing Co., L.P. v. Stone Container Corp.*, 98 Fed. Appx. 752, 756 (10th Cir. 2004).  "Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded . . . ."  *Hickey v. Brennan*, 969 F.3d 1113, 1118 (10th Cir. 2020) (citation and quotation omitted).

Defendants removed this action from the District Court of Wagoner County pursuant to 28 U.S.C. § 1441(a).  *See* Dkt. No. 2.  Section 1446 of Title 28 of the United States Code governs the procedure for removal.  Section 1446(b) requires "all defendants who have been properly joined and served must join in or consent to the removal of the action."  28 U.S.C. § 1446(b)(2)(A).  This requirement is commonly referred to as the "unanimity rule."  *Bruning v. City of Guthrie, Okla.*, 101 F.Supp.3d 1142, 1144 (W.D. Okla. 2015).  The lack of unanimous consent is a procedural defect warranting remand.  *Maddox v. Delta Airlines,* No. 10-CV-456, 2010 WL 3909228, at *4 (N.D. Okla. Sep. 29, 2010); *see also Farmland,* 98 Fed. Appx. at 756.  The removing party has the burden of showing that removal was properly accomplished.  *Village Apartments Company, LP v. Asset Shelters Group, Inc.*, No. 07-CV-817, 2008 WL 11414603, at *2 (D.N.M. Apr. 29, 2008); *McShares, Inc. v. Barry*, 979 F. Supp. 1338, 1342 (D. Kan. 1997); *Scheall v. Ingram,* 930 F. Supp. 1448, 1449 (D. Colo 1996). .

Here, the entry of appearance by Eiden and Dochery in the state court action suggests they were properly joined and served.  However, Eiden and Dochery have not provided their consent

to removal as required by 28 U.S.C. § 1446(b)(2)(A). No explanation is given for Defendants failure to obtain consent from Eiden and Dochery. *Scheall,* 930 F. Supp. At 1449 ("A petition filed by less than all the named defendants is considered defective if it fails to contain an explanation for the absence of co-defendants."). The Court recognizes the timing of the entry of appearance and the Notice of Removal could reasonably lead to the issue presently before the Court. However, the issue should have been properly addressed when the instant Motion was filed.

Nevertheless, it is Defendants' burden to prove the case has been properly removed. Further, this Court is required to construe 28 U.S.C. § 1446(b)(2)(A) strictly and resolve doubts in favor of remand. Eiden and Dochery have not provided their consent to the removal as required by 28 U.S.C. § 1446(b)(2)(A). Thus, the removal is procedurally defective and the case must be remanded.

**IT IS THEREFORE ORDERED** that Plaintiffs William Roy Flowers and Shelly Burris' Motion to Remand [Dkt. No.13] is **GRANTED.**

DATED this 14th day of September, 2020.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE